DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Acie Cole, Jr. | ) | |
| | ) | CASE NO. 4:06 CV 2743 |
| Petitioner-Defendant, | ) | (Criminal Case No. 4:02 CR 253 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

### I. Introduction

Acie Cole, Jr., the petitioner-defendant (hereinafter referred to as the defendant) in this action, brought pursuant to 28 U.S.C. § 2255, was indicted on June 26, 2002, and charged with conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine. The defendant was eventually arrested and arraigned on September 27, 2004. The defendant's jury trial began on November 29, 2004, and concluded with a conviction on December 2, 2004. The defendant was sentenced on January 28, 2005. The defendant filed a notice of appeal to the Sixth Circuit on February 1, 2005. On November 30, 2005, the Sixth Circuit granted the defendant's motion to dismiss his appeal.

On November 14, 2006, the defendant filed a pro se motion pursuant to 28 U.S.C. § 2255. The defendant engaged in additional pro se filings including a motion to disqualify the undersigned judge. The undersigned judge denied the defendant's motion for the Court to recuse. Eventually, the defendant filed a petition for a writ of mandamus with the Sixth Circuit on February 23, 2007. In the interim, counsel for the government responded to the defendant's

(4:06 CV 2743
Criminal Case No. 4:02 CR 253)

motion for habeas relief on February 16, 2007.  Eventually, the Sixth Circuit denied the

defendant's petition for a writ of mandamus.  On April 26, 2007, the Court granted the defendant

leave until June 20, 2007 to respond to the government's brief previously filed on February 16,

2007.  During this period of time, a lawyer from California, i.e, Jacqueline Staten, represented to

the Court that she was representing the defendant and repeatedly requested additional leave to

respond to the government's brief.  See Docket Nos. 35, 37, 39.  On August 3, 2007, the Court

extended time for the defendant's reply to August 8, 2007.  To date, no response has ever been

filed by the defendant's counsel, Jacqueline Staten.

II.  The Court's Failure to Grant the Defendant
the Opportunity to Allocute Prior to Announcing the Life Sentence

After the defendant filed the habeas petition, the Court ordered a transcript of the

sentencing proceedings on January 28, 2005, to be published.  The issue that occupied most of

the sentencing hearing was whether the defendant had prior convictions that required a life

sentence.  Trial counsel for the defendant argued that in the absence of a jury verdict finding the

prior convictions, the Court had no power to engage in the sentencing enhancement which

required the life sentence.

The Court finds that the dialogue between the Court and counsel toward the end of the

sentencing hearing should be set forth in this opinion.  Specifically, the following discussion

took place:

THE COURT: Thank you.

Mr. Pyle, do you want to be heard further on the – I think the
government has presented its case for the proposition that the

2

(4:06 CV 2743
Criminal Case No. 4:02 CR 253)

defendant has two prior drug felony convictions, and the evidence as presented supports a judicial finding to that effect.  And also a claim of a failure of proof of attorney representation fails under the provisions of Section 851(e).

So do you have anything you wish to offer on that by way of argument or testimony?

MR. PYLE: Your Honor, I don't represent myself as a Booker expert, but to the extent that the government relies on proof of convictions, prior convictions, without proof of representation in the course of those convictions, any jury not having found beyond a reasonable doubt those facts which would enhance the sentence, I submit notwithstanding the provisions of the statute, that it's unconstitutional, a violation of the Sixth Amendment to impose that sentence.

THE COURT: So your view is, viewing the evidence of the government in a light most favorable to the government, nonetheless, the use of the enhancement statute is unconstitutional.

MR PYLE: As applied in this case, yes, your Honor.

THE COURT: Yes, as applied in this case.  All right.

Do you want to be heard on that?

MR. YANNUCCI: Your Honor, I would only point the court to Justice Stevens' opinion of the court in Booker.  And it's basically the last paragraph which reads, "Accordingly, we reaffirm our holding in Aprendi, colon: Any fact, parens, other than a prior conviction, end of parens, which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict, must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

So I think even – the Booker case did not – specifically indicates that the prior convictions do not need – are not something that are presented to the jury.  And I would also add that Booker really did not deal with the statutory scheme, it dealt exclusively with the United States Sentencing Guidelines scheme.

3

(4:06 CV 2743
Criminal Case No. 4:02 CR 253)

THE COURT: Well, the court rejects the argument advanced in behalf of Mr. Cole with respect to the constitutionality of the sentencing scheme in this case, given the fact that the court finds that the defendant does have two prior felony drug convictions, and as a consequence, the defendant's attack on situational grounds is denied.

Now having said that, I think it is still – in the interest of completeness, I should nonetheless make a total offense level calculation and also a criminal history calculation, even though the court is now persuaded that it has no option but to sentence the defendant to a term of life in prison. Nevertheless, I think I should go ahead with the guideline calculation.

And the total offense level, as set forth on page 8, paragraph 34, is 38, which is based on the drug quantity of at least 15 kilograms but less than 50 kilograms of cocaine, plus four levels for role in the offense.  Those are both issues that were determined by the jury, and the court is of the view that there was sufficient evidence to establish those two determinations by the jury.

So the court, subject to any objection that the defendant would like to advance, is of the view that the adjusted offense level should be 38.

Mr. Pyle, do you have anything you want to respond to on that?

MR. PYLE: Nothing, other than to continue Mr. Cole's assertion that he is not guilty of the underlying offense.

THE COURT: Very well.  The Court will find the total offense level is 38, and that the criminal history category is VI.  And that, but for the two prior felony drug convictions, would produce a sentencing range of 360 months to life.

I will say, for the record, that if there was not proof of the two prior drug felony convictions, and using the offense level 38 and criminal history category of VI as advisory only, in the exercise of the court's discretion following the factors outlined in Section 3553 and Title 18, the court would impose a sentence slightly in excess of 360 months but less than life.  I think probably the court

4

(4:06 CV 2743
Criminal Case No. 4:02 CR 253)

would probably come up with a sentence of approximately 390 months.  I think that would be – no, 420.  I'm trying to think what 35 years is.  I guess it's 420 months, isn't it?  Yeah, 420 months.  That would be the court's sentence if it were not constrained by the statutory mandatory sentence.

I don't know that that accomplishes anything, but at least that's the court's declaration.

And in view of the life sentence, there is no need to talk about supervised release, that I can see, because the defendant is not eligible for supervised release.

The court will impose a special assessment of a hundred dollars.  The court will not impose a fine.

And I would ask if there are any objections to the sentence that counsel wants to put on the record that have not already been put on the record, and would ask that Mr. Pyle, just to make sure you've covered all your bases, is there anything you wish to add?

MR. PYLE: You Honor, I would object to the alternate guideline sentence of the month equivalent of 35 years, based upon the contention it's an unreasonable sentence.

THE COURT: Very well.

Any do you wish to object to the 420 months as also being unreasonable?

MR. YANNUCCI: No, your Honor.

THE COURT: Very well.

Is there anything further to come before the court?

Mr. Cole, you have the right to appeal your conviction and your sentence, and I assume you wish to do that.

Do you want to file a notice of appeal to be filed in your behalf?

5

(4:06 CV 2743
Criminal Case No. 4:02 CR 253)

THE DEFENDANT: Yes, your Honor.

THE COURT: Mr. Pyle, will you do that, promptly file a notice of appeal?

MR. PYLE: I will do that.

THE COURT: But I assume that you prefer that I appoint somebody else to handle the appeal, so that that person will be free to review not only the course of the trial, but if that person wants to raise any allegations with respect to the representation, that they will feel free to do so.

MR. PYLE: Absolutely, your Honor.

THE COURT: So I will appoint other counsel.

MR. PYLE: Would the court just accept my recommendation of either Robert Dixon or David Doughton of Cleveland, Ohio?

THE COURT: Will certainly consider those.  All right.

MR. PYLE: I also have an institutional recommendation.

THE COURT: Fine.  What is that?

MR. PYLE.: Mr. Cole indicates that he would like to be sentenced to Victorville Federal Correctional Institute in Victorville, California.

THE COURT; All right.  We'll make that recommendation.

That is because he has family in that area?

MR. PYLE: That is correct, your Honor.

THE COURT: Now whether that will be – we'll make that recommendation and will indicate that the recommendation is based on the fact that the defendant is a long way from his family. That his family lives in California, not in Ohio, not in the east, and so the court makes that recommendation.

6

(4:06 CV 2743
Criminal Case No. 4:02 CR 253)

Now, whether it will be followed or not, Mr. Cole, I have no way
of knowing.  I don't run very high on my recommendations, as far
as success is concerned, but we'll certainly make the
recommendation.

Anything else with respect to the sentence?

MR. PYLE: Your Honor, I would just like the record to reflect that
I am not asking the court to recommend the federal drug treatment
program for Mr. Cole.  He indicate to me he's not drug dependent.

THE COURT: I'm not going to do that.  Without a request, I'm not
going to do it.  He can still make the request when he gets there,
but I'm not going to do it absent his initiative.

MR. PYLE: And I'm just stating on the record the reason I'm not
doing it.

THE COURT: Very well.

Anything further?

MR. YANNUCCI: No your Honor.

THE COURT: Thank you.  The court will be in recess.

What is apparent from the above dialogue is that the Court failed to give the defendant

the opportunity to allocute before pronouncing sentence.  In the Court's view, that constitutes a

constitutional error which requires re-sentencing.

Consequently, the application for a writ of habeas corpus is GRANTED.  The sentence

previously pronounced is VACATED and the Court will order the defendant to be returned for

re-sentencing at which time the defendant will have the opportunity to engage in allocution prior

to the pronouncement of the sentence.

7

(4:06 CV 2743
Criminal Case No. 4:02 CR 253)

The Court also finds that no other constitutional violations have been established by the defendant and so his remedy in this case is limited to a re-sentencing at which time he will have the opportunity to engage in allocution.

The Court will publish a separate order granting the writ and establishing a date for re-sentencing.


IT IS SO ORDERED.


  September 13, 2007               /s/ David D. Dowd, Jr.
Date                             David D. Dowd, Jr.
                                 U.S. District Judge

8